IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**PHILIP AUGUST, JR.,**

    Plaintiff,

v.                                                                 Civil Action No. CV-99-J-2836-S

**ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA; FORTIS BENEFITS
INSURANCE COMPANY**

    Defendants.

## MEMORANDUM OPINION

    This cause comes before this court on defendant Allianz Life Insurance Company of North America's (defendant) motion for summary judgment (doc. 5). The basis of defendant's motion for summary judgment is that plaintiff continued to work past the coverage period, i.e. that he was not "disabled" until after the coverage ended on July 1, 1997.[1] Defendant argues it rightly denied plaintiff's benefits because the policy defines total disability as:

> ". . . unable to perform all of the material and substantial duties . . .on a full-time basis because of a disability:
>     a. caused by Injury or Sickness
>     b. that started while insured under this policy."

(Def. exh. A). It is undisputed that Plaintiff did not submit an Attending Physician's

---

[1] The disability policy in question was effective from February 1, 1995 to midnight July 1, 1997. Plaintiff's lawyer submitted a claim on behalf of plaintiff on June 30, 1997.

Statement of Disability and copies of medical records until 9/30/98. Nor is it disputed that plaintiff continued to work until 6/12/98. The record submission and employment termination dates are clearly outside of the coverage period.

However the policy defines "Injury or Sickness" in such a manner that would render the plaintiff covered:

> "Sickness means illness, disease, pregnancy or complications of pregnancy. The Sickness must *begin* while the Employee is insured under this policy.
> Injury means bodily injury resulting directly from an accident and independently of all other causes. The Injury must occur and disability must begin while the Employee is insured under this policy."

(Def. exh. A) (emphasis added). It is undisputed that plaintiff was first diagnosed with Myasthenia Gravis while the coverage period was in effect. Defendant admits in its brief "plaintiff's sickness may have begun under the terms of the [plan]" (Def. brief p. 4). Unlike a claim for injury disability, the definition of sickness does not require that disability begin during the coverage period. The only requirement is that the sickness begin during the period. Because there is no evidence that plaintiff's sickness began after the coverage period, his disability is covered and defendant's motion is denied.

Defendant's motion for summary judgment is hereby **DENIED**.

**DONE** and **ORDERED** this the 3 day of October, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE